
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANDANA D. FARHANG; M.A. MOBILE LTD., | No. 12-15178 |
| Plaintiffs-Appellees, | D.C. No. 5:08-cv-02658-RMW |
| v. | MEMORANDUM[*] |
| INDIAN INSTITUTE OF TECHNOLOGY, KHARAGPUR; TECHNOLOGY INCUBATION & ENTREPRENEURSHIP TRAINING SOCIETY, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted May 13, 2013
San Francisco, California

Before:     CLIFTON and BEA, Circuit Judges, and KORMAN,
Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

**1.** The Technology Incubation and Entrepreneurship Training Society (the "Society"), an instrumentality of the Republic of India, appeals from the district court's order of January 12, 2012 denying its motion to dismiss the Third Amended Complaint ("TAC") pursuant to the Foreign Sovereign Immunities Act ("FSIA"). The district court held that the "commercial activity" exception to the FSIA applied because the commercial acts at issue had a "direct effect in the United States." *Farhang v. Indian Inst. of Tech.*, No. C-08-02658 (RMW), 2012 WL 113739, at *7-8 (N.D. Cal. Jan. 12, 2012). We have jurisdiction under the collateral order doctrine. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1130 (9th Cir. 2012).

In *Terenkian v. Republic of Iraq*, we held that an alleged breach of contract resulting in "the non-deposit of payments for oil in a New York bank (due to the non-purchase of the oil) and the non-sales of the non-purchased oil to potential customers of the United States, do not constitute direct effects as defined in § 1605(a)(2) and subsequent case law." *Id*. at 1138. Specifically, we explained that "[w]hile the cancellation of the contracts directly precluded plaintiffs from buying oil, the non-deposit of payment for the oil in a New York bank was merely an indirect effect of Iraq's breach and is not the 'legally significant' act that gave rise to the plaintiffs' claim, which is based on the breach, not the non-deposit of payment." *Id*. (citation omitted). *Terenkian* is dispositive here. The non-payment of profits to plaintiffs is

2

"merely an indirect effect" of the Society's alleged breach and is not the "legally significant" act that gave rise to plaintiffs' claims for breach of the joint venture agreement and misappropriation of trade secrets. Thus, the purported loss of profits in California is not a "direct effect" for the purposes of the FSIA.

Plaintiffs also argue that the failure of the Society to return all copies of their patented technology deprived them of the ability to exploit their patent in the United States. Specifically, plaintiffs allege that the Society's "breaches" prevented plaintiffs from "mak[ing] the necessary and required representations regarding the trade secret status or confidentiality of the Technology that would be required in any basic asset sale, license or joint venture agreement." Even if plaintiffs' patent suffered an "[i]mmediate diminution in value" as a result of the Society's alleged conduct, the legally significant act – the purported misappropriation of trade secrets – occurred exclusively in India. Moreover, the alleged "diminution in value" is essentially a financial loss by plaintiffs, which "is not, in itself, sufficient to constitute a 'direct effect.'" *Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 726-27 (9th Cir. 1997).

While plaintiffs argue that the Society waived its sovereign immunity in the non-disclosure agreement ("NDA"), this claim fails because the Society did not execute the NDA. The transaction at issue involved the Society and a second entity, Indian Institute of Technology, Kharagpur ("IIT"). While that transaction may have

contemplated that IIT would require the Society to execute the NDA, the breach of that condition by IIT does not bind the Society to an agreement it did not sign. Thus, we vacate the denial of the Society's motion to dismiss the TAC and remand with instructions to dismiss.

**2.** IIT, also an instrumentality of the Republic of India and a named defendant, did not move to dismiss the TAC on the ground of sovereign immunity, although it unsuccessfully moved to dismiss the First Amended Complaint on that ground. *See Farhang v. Indian Inst. of Tech.*, No. C-08-02658 (RMW), 2010 WL 519815, at *6-8 (N.D. Cal. Jan. 26, 2010). IIT did not take a timely appeal from the district court's denial of its motion to dismiss. Nevertheless, relying principally on the doctrine of pendent appellate jurisdiction, IIT argues that the appeal by the Society also raising the defense of sovereign immunity confers discretion on us to consider what would otherwise be an untimely appeal. Passing over the fact that the TAC is the operative complaint, we decline to exercise any discretion we may have because IIT's appeal raises different issues from the Society's appeal, especially as to waiver. Thus, IIT's appeal is dismissed.

**VACATED and REMANDED in part; DISMISSED in part.**

4