**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANDANA D. FARHANG and M.A. MOBILE LTD., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> INDIAN INSTITUTE OF TECHNOLOGY, KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology, Act 1961" and PARTHA P. CHAKRABARTI, <br><br> Defendants - Appellants, <br><br> and <br><br> TECHNOLOGY INCUBATION AND ENTREPRENEURSHIP TRAINING SOCIETY, an Indian society; et al., <br><br> Defendants. | No. 14-15601 <br><br> D.C. No. 5:08-cv-02658-RMW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 7, 2016
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges and ANELLO,[**] District Judge.

The Indian Institute of Technology, Kharagpur ("IITK") and Partha P. Chakrabarti appeal from the district court's order denying their motion to dismiss plaintiffs' third amended complaint pursuant to the Foreign Sovereign Immunities Act ("FSIA") and common law foreign official immunity principles. We have jurisdiction under the collateral order doctrine. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1130 (9th Cir. 2012). We review de novo the district court's legal rulings and its factual findings for clear error. *See id.* at 1132. We affirm in part, vacate in part, and remand.

1. Contrary to plaintiffs' contentions, defendants' notice of appeal in this case was timely. While the district court originally denied IITK's motion to dismiss on FSIA immunity grounds in 2010, that motion and order related to the first amended complaint in this action. Subsequent to that order, a third amended complaint was filed that added Mobile M.A. as a plaintiff and included additional allegations. Defendants moved to dismiss that complaint and, when that motion

---

[**] The Honorable Michael M. Anello, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

was denied, defendants timely filed their notice of appeal.

2.      The district court correctly determined the "waiver exception" to the FSIA applied to each of M.A. Mobile Ltd.'s claims against IITK. IITK impliedly waived its immunity under the FSIA as to these claims by agreeing to a nondisclosure agreement which expressly provided that the laws of the United States and the State of California would govern the agreement. *See* 28 U.S.C. § 1605(a)(1); *see also Joseph v. Office of the Consulate Gen. of Nigeria*, 830 F.2d 1018, 1022 (9th Cir. 1987) ("[A]t the very least it is clear that a sovereign party has waived immunity where a contract *specifically* states that the laws of a jurisdiction within the United States are to govern the transaction." (emphasis in original)). This waiver extends to all of M.A. Mobile's claims because each claim arises out of or relates to the nondisclosure agreement which forms the basis of IITK's waiver.

However, the district court erred in extending this waiver to encompass Mandana Farhang's individual claims against IITK. The district court concluded that Farhang, while not a party to the nondisclosure agreement, was nonetheless an intended third-party beneficiary of that agreement because Farhang owned M.A. Mobile and was entitled to any economic benefit derived from the technology covered by the nondisclosure agreement. These facts, however, are insufficient to

establish that Farhang was an intended third-party beneficiary. *See Neverkovec v. Fredericks*, 74 Cal. App. 4th 337, 349 (1999) ("[T]he fact that . . . the contract, if carried out to its terms, would inure to the third party's benefit, is insufficient to entitle him or her to demand enforcement." (internal quotation marks and citation omitted)); *see also Corporacion Mexicana de Servicios, S.A. de C.V. v. M/T Respect*, 89 F.3d 650, 655 (9th Cir. 1996) ("The waiver exception is narrowly construed."). We accordingly vacate the district court's denial of IITK's motion to dismiss to the extent the district court found that ITTK's implied waiver of immunity extended to Farhang's individual claims.

Before the district court, plaintiffs also argued that the commercial activity exception to FSIA immunity applied. *See* 28 U.S.C. § 1605(a)(2). Because it found the waiver exception applied to all of the plaintiffs' claims, the district court did not consider these arguments. Because we hold that the waiver exception does not apply to Farhang's claims against IITK, we remand with instructions for the district court to consider in the first instance whether the commercial activity exception applies to her claims in light of our holding in *Farhang v. Indian Institute of Technology, Kharagpur*, 529 F. App'x 812 (9th Cir. 2013).

**3.** The district court erred in denying Chakrabarti's motion to dismiss that was premised on common law foreign official immunity. The district court

concluded that the evidence submitted by plaintiffs suggested that Chakrabarti's "involvement in the joint venture was not purely official." However, plaintiffs, in their third amended complaint, expressly alleged that defendants – including Chakrabarti – were acting "within the scope of said role and/or relationship" with IITK. *See Yousuf v. Samantar*, 699 F.3d 763, 769 (4th Cir. 2012) (finding that foreign officials are entitled to immunity under the common law for actions taken during the course of their official duties). While the evidence suggests that Chakrabarti may have obtained some incidental individual benefit from his involvement in the joint venture this is insufficient to negate his official role in the transaction. *Cf. Chuidian v. Philippine Nat'l Bank*, 912 F.2d 1095, 1102 (9th Cir. 1990)*, abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010) (that a defendant "experienced a convergence between his personal interest and his official duty and authority" does not "serve to make his action any less an action of his sovereign").

Accordingly we vacate the denial of Chakrabarti's motion to dismiss the third amended complaint, and remand with instructions to dismiss plaintiffs' claims against him.

Each party shall bear their own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**

14-15601